IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD ANTONIO BATTISTE,

    Plaintiff,                    No. CIV S-09-2053 GGH P

    vs.

B. VELASQUEZ, et al.,            ORDER &

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

          On December 7, 2009, defendants Cox and Higgens filed a motion to dismiss. On December 17, 2009,[1] defendant Velasquez filed a motion to dismiss. By order, filed on January 7, 2010, plaintiff was granted an extension of time, until January 31, 2010, to file a response to the motions, with the caveat that there would be no further extension. Although no opposition or response was filed in the court and despite having cautioned plaintiff that there would be no further extension in the prior order, on March 12, 2010, plaintiff was granted fourteen additional days from that date to file his opposition. Plaintiff was liberally accorded this additional extension of time because defendants' reply indicated that plaintiff had served some form of an opposition upon them on January 28, 2010. In the March 12, 2010, order plaintiff was directed to file a copy of the identical response he had previously served on the defendants in response to

---

[1] An amended proof of service of the latter motion was filed on December 29, 2009.

1

either or both of their motions to dismiss. Plaintiff was specifically cautioned that failure to do so would result in the court's finding that plaintiff has failed to oppose the pending motions altogether. Plaintiff has failed to file any response to the court's order (see Local Rule 110) and the time for filing any opposition has expired.

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." On September 14, 2009, plaintiff was advised of the requirements for filing an opposition to a motion to dismiss and that failure to oppose such a motion may be deemed a waiver of opposition to the motion. In addition, to the extent that the defendants in their motions claim that plaintiff's administrative remedies were not exhausted, plaintiff was expressly provided with notice, pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure and, again, cautioned that failure to oppose such a motion may be deemed a waiver of opposition.

Accordingly, plaintiff's failure to file in court his opposition to either motion should be deemed a waiver of opposition to the granting of the motion. In the alternative, the court has reviewed the motions and finds that they have merit.

IT IS ORDERED that the Clerk of the Court make a district judge assignment to this case.

IT IS HEREBY RECOMMENDED that the motion to dismiss filed by defendants Cox and Higgens, on December 7, 2009 (docket # 20), and the motion to dismiss filed by defendant Velasquez, on December 17, 2009 (docket # 22), be granted and this case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen

1. days after being served with these findings and recommendations, any party may file written
2. objections with the court and serve a copy on all parties.  Such a document should be captioned
3. "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
4. shall be served and filed within seven days after service of the objections.  The parties are
5. advised that failure to file objections within the specified time may waive the right to appeal the
6. District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 27, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
batt2053.dsm